UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMARO GARZA, Jr.<br><br>    Plaintiff,<br><br>v.<br><br>CASTLE CREDIT CO HOLDINGS, LLC, and JOHN DOES 1-5,<br><br>    Defendants. | Case No. 4:22-cv-03675<br>Jury Trial Demanded |

**CLASS ACTION COMPLAINT**

NOW COMES AMARO GARZA, Jr. ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through the undersigned counsel, and complaining against Defendant CASTLE CREDIT CO HOLDINGS, LLC, ("Defendant") and Defendants JOHN DOES 1-5, states as follows:

**NATURE OF THE ACTION, JURISDICTION, PARTIES AND VENUE**

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

1

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

4. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Tomball, Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39) and is the sole owner and user of a cellular telephone number, 832-XXX-8484.

6. At all times relevant, Plaintiff's telephone number was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

7. Defendant is a consumer finance company that offers financing programs for home improvements, including vacuum cleaners, water purifiers and water filtration systems and similar products.

8. Defendant's principal office located at 200 S. Michigan Avenue, Suite 450 in Chicago, Illinois.

9. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

10. On information and belief, the JOHN DOES 1-5 Defendants are third party vendors/agents that Defendant engages to collect past due balances owed to Defendant.[1]

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case arises under the TCPA, a federal statute.

---

[1] The identities of JOHN DOES 1-10 are unknown to Plaintiff at this time and will be ascertained through discovery.

12. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

**FACTUAL ALLEGATIONS**

12. Prior to the events giving rise to this action, Plaintiff's ex-wife financed a vacuum system through Defendant (the "Subject Debt").

13. Plaintiff and his ex-wife made certain monthly payments for the Subject Debt.

14. Thereafter, Plaintiff and his ex-wife became dissatisfied with the performance of the vacuum system.

15. Plaintiff no longer possess the vacuum in question.

16. Plaintiff has suffered certain financial hardships and stopped making payments towards the Subject Debt.

17. Plaintiffs has received telephone calls from Defendant and/or one or more of the JOHN DOES 1-5 regarding the Subject Debt.

18. On information and belief, at all times relevant, Defendant had an agency relationship with JOHN DOES 1-5 whereby Defendant (as the principal) had the right to control and direct the activities of JOHN DOES 1-5 (as the agents) and JOHN DOES 1-10 (as the agents) had the authority to act on behalf of Defendant.

19. On more than one occasion, Plaintiff told Defendant to stop calling him with regard to its efforts to collect the Subject Debt.

20. Alternatively, on more than one occasion, Plaintiff told one or more of the Defendant JOHN DOES 1-5 to stop calling him with regard to its efforts to collect the Subject Debt.

21. Despite telling Defendant to stop calling him, Defendant has continued to call Plaintiff to collect the Subject Debt, and in doing so, Defendant has continued to call Plaintiff and has left dozens of pre-recorded messages in the voicemail box of Plaintiff's cellular telephone.

22. Despite telling one more of the JOHN DOES 1-5 to stop calling him, one or more of the Defendant JOHN DOES 1-5 have continued to call Plaintiff and have dozens of pre-recorded messages in the voicemail box of Plaintiff's cellular telephone.

23. Defendant, as the principal of JOHN DOES 1-5, is liable for the acts of its agents John Does 1-5.

24. The unsolicited telephone calls and pre-recorded voice messages would typically issue from telephone number 773-494-8859.

25. In addition to Defendant and/or the JOHN DOES 1-5 calling and leaving pre-recorded messages on Plaintiff's cellular telephone number 832-XXX-8484, Defendants previously called two other cellular numbers [713-445-6332, followed by 713-303-2473] where Plaintiff was the sole owner and user of these numbers during the time-period when Defendant and/or the JOHN DOES 1-5 called these two additional numbers and left pre-recorded messages without Plaintiff's consent.

26. On information and belief, Defendant skip traced Plaintiff's telephone number 832-XXX-8484 and 713-303-2473, where no consent to call these numbers with pre-recorded messages would exist.

27. Defendants' unwanted pre-recorded messages invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to: aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of

4

battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

## **CLAIMS FOR RELIEF**

### COUNT I:
### Class Action Violations of the Telephone Consumer Protection Act

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

29. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or *an artificial or prerecorded voice*" to "any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

30. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing numerous non-emergency robocalls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent.

31. As pled above, Defendant used an artificial or prerecorded voice that automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

32. As pled above, Defendant did not have consent to place robocalls to Plaintiff's cellular phone as Plaintiff requested that Defendant cease its calls.

33. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

34. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(3).

35. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

36. There are questions of law and fact common to the claims of Plaintiff and the Putative Class.

37. Those questions predominate over any questions that may affect individual members of the Putative Class.

38. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct and/or the conduct of the JOHN DOE defendants.

39. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

40. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

41. Plaintiff has retained competent and experienced counsel in consumer class action litigation. *See, e.g., Molinari v. Financial Asset Mgmt. Sys., Inc.*, 18-cv-01526, Dkt. no. 128, 2021 U.S. Dist. LEXIS 235401 (N.D. Ill. Nov. 22, 2021) (Order granting provisional certification of TCPA pre-recorded message class action and appointing attorney James C. Vlahakis as class counsel) and Dkt. 134 (final order and judgment entered on 4/8/22).

42. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

43. For example, the class members can be ascertained by Defendant's records, including instances where the records document when class members told

Defendant to stop calling and Defendant's records show continued calls to cellular telephone numbers in question.

44. Similarly, class members can be ascertained by the records, of the JOHN DOE Defendants, where the records document when class members told the JOHN DOE Defendants to stop calling and the JOHN DOE Defendants' records show continued calls to cellular telephone numbers in question.

45. The names, addresses, and the cellular telephone numbers of putative class can be identified in business records maintained by Defendants.

46. The proposed class is defined as follows:

> All individuals in the United States who, within the past four (4) years were called on their cellular telephone numbers by Defendant and/or one of the Defendant John Does 1-5, where the calls resulted in pre-recorded voice messages after the individuals told Defendant and/or one of the Defendant John Does 1-5 to stop calling or where Defendant skip traced the cellular numbers in question and never obtained consent to call them with pre-recorded messages.

47. This civil action is appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

**WHEREFORE**, Plaintiff seeks the following relief:

a. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b. a judgment in Plaintiff's favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

c. an order enjoining Defendant from placing further unlawful calls to Plaintiff and the members of the Putative Class;

d. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each violating call; and

      e.      an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each violating call.

## COUNT II
### Violations of Texas Debt Collection Act

60.      Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

61.      Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

62.      Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

63.      The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

64.      The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

65.      Defendant (on its own or by and through the conduct of the JOHN DOE Defendants) violated the TDCA when it continued to call Plaintiff's cellular phone despite Plaintiff telling them to stop calling.

66.      Defendant and/or the JOHN DOE Defendants persisted in harassing Plaintiff for payment, even after Plaintiff asked Defendant to stop calling.

67.      Defendant and/or the JOHN DOE Defendants' repeated telephone calls and pre-recorded messages were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment.

68.      Rather than understanding Plaintiff's situation and abiding by Plaintiff's

wishes, Defendant and/or the JOHN DOE Defendants continued in its harassing campaign of phone calls intended to harass Plaintiff.

**WHEREFORE**, Plaintiffs request the following relief:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demand a trial by jury.

Respectfully submitted,

AMARO GARZA, Jr.

*/s/ James C. Vlahakis*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Telephone: (630)575-8181
Direct: (630)581-5456
jvlahakis@sulaimanlaw.com

*Counsel for Plaintiff and the putative class members*

Date: October 24, 2022